# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODERICK A. SANDERS, | : |
| Plaintiff, | : Civil Action No. 16-4947 (BRM)(LHG) |
| v. | : **MEMORANDUM AND ORDER** |
| LONG BRANCH POLICE DEP'T, *et al.*, | : |
| Defendants. | : |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Roderick A. Sanders ("Plaintiff"), a prisoner currently confined at Northern State Prison in Newark, New Jersey, upon the filing of a civil rights action pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 8.)

Plaintiff filed his Complaint on August 8, 2016, however he failed to submit an application to proceed *in forma pauperis* ("IFP") or the required filing fee. (ECF No. 1.) As a result, on September 19, 2016, the Court administratively terminated this action and gave Plaintiff 30 days to submit a complete IFP application or the filing fee. (ECF No. 3.) On September 24, 2016, Plaintiff submitted a letter saying he had requested a copy of his account statement from the Business Office, but they had not yet given it back to him. (ECF No. 4.)

Plaintiff did not contact the Court again until March 5, 2018. (ECF No. 5.) At that time, he submitted a letter stating he had complied with the Court's Order and sent a complete IFP application within 30 days; more specifically, he mailed it on October 10, 2017. (*Id.*) With that submission, he also provided an incomplete IFP application. (*Id.*) Plaintiff sent another letter to the Court on March 20, 2018, wherein he reiterated he had previously sent the Court an IFP application, but this time he stated he sent said application on October 19, 2016. (ECF No. 6.)

On April 16, 2018, Plaintiff submitted a letter informing the Court he was having trouble obtaining the necessary certified account statement from the business office and requesting another IFP application. (ECF No. 7.) On April 30, 2018, Plaintiff submitted a complete IFP application. (ECF No. 8.)

At this juncture, given the length of time that has passed since the Court entered its September 19, 2016 Order, the Court must determine whether to re-open this matter and grant Plaintiff's IFP application. *See, e.g., Hairston v. Gronolosky*, 348 F. App'x 716, 718 (3d Cir. 2009) (affirming district court's order that case remain closed where the plaintiff flouted the district court's instructions); *Bricker v. Turner*, 396 F. App'x 804, n.1 (per curiam) (3d Cir. 2010) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute). In order to make such a determination, and based on the conflicting information Plaintiff has provided regarding his prior attempt to comply with the Court's instructions, the Court requires Plaintiff to clarify the timeline. Specifically, Plaintiff shall state exactly when he submitted the prior IFP application to this Court and include any supporting documentation. Such support may include but is not limited to a certification from Plaintiff detailing when and to whom he handed the application for mailing, or a copy of his prisoner account statement reflecting a mail charge for the date that he sent the prior application.

Accordingly, and for good cause appearing,

**IT IS** on this 14th day of June 2018,

**ORDERED** that the Clerk of the Court is directed to make a new and separate entry marking this matter **RE-OPENED**; and it is further

**ORDERED** that within 30 days of the date of this Order, Plaintiff must provide the supplemental information as outlined above; and it is further

**ORDERED** that the Clerk of the Court shall again mark this matter **CLOSED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**
